AMY WINTERSHEIMER FINDLEY (BAR NO. 163074)
CHARLENE J. WILSON (BAR NO. 222497)
ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP
501 West Broadway, 15th Floor
San Diego, California 92101-3541
Phone: (619) 233-1155
Fax: (619) 233-1158
E-Mail: awintersheimer@allenmatkins.com
cwilson@allenmatkins.com

Attorneys for Defendant
BODY BEAUTIFUL CAR WASH, INC.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAREL SPIKES,<br>Plaintiff,<br>vs.<br>BODY BEAUTIFUL CAR WASH, INC.; GETTY CA LEASING, INC. and DOES 1 THROUGH 10, Inclusive,<br>Defendants. | Case No. 07 cv 2027 JLS (LSP)<br>Complaint filed October 19, 2007<br>**ANSWER OF DEFENDANT BODY BEAUTIFUL CAR WASH, INC. TO PLAINTIFF'S COMPLAINT** |

Defendant Body Beautiful Car Wash, Inc. ("Defendant") answers Plaintiff's unverified Complaint, as follows:

**I. <u>JURISDICTION AND VENUE</u>**

1. Defendant admits this Court has jurisdiction over the claims asserted in Plaintiff's Complaint.

2. Defendants admit that venue in this Court is proper pursuant to 28 U.S.C. § 1391.

3. Defendant denies that Plaintiff was denied equal access to this Defendant's facilities, goods and/or services in violation of federal or state laws or that Plaintiff was injured as a result of any alleged violations of federal or state access laws by this Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation in paragraph 3 of Plaintiff's Complaint and therefore denies such allegations.

## II. THE PARTIES

4. Defendant admits that Body Beautiful Car Wash, Inc. is a corporation organized and existing under the laws of the state of California, with its principal place of business at 4282 Camino Del Rio North, San Diego, California. Defendant further admits that Body Beautiful Car Wash, Inc. operates and/or leases the Body Beautiful Car Wash facility located at 690 El Cajon Boulevard, El Cajon, California. Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation in paragraph 4 of Plaintiff's Complaint and therefore denies such allegations.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of Plaintiff's Complaint and therefore denies such allegations.

6. Defendant admits that Body Beautiful Car Wash, Inc. operates and/or leases the property located at 690 El Cajon Boulevard, El Cajon, California, but is without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation in paragraph 6 of Plaintiff's Complaint and therefore denies such allegations.

7. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of Plaintiff's Complaint and therefore denies such allegations.

8. Defendant denies the allegations set forth in paragraph 8 of Plaintiff's Complaint.

## III. FACTS

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of Plaintiff's Complaint and therefore denies such allegations.

10. Defendant denies the allegations in paragraph 10 of Plaintiff's Complaint.

11. Defendant denies that Plaintiff or other individuals with disabilities were denied full and equal access to Defendant's facility or have suffered any injuries as a result of any alleged violations of federal or state access laws by this Defendant. Defendant is without knowledge or

/////

information sufficient to form a belief as to the truth of each and every remaining allegation in paragraph 11 of Plaintiff's Complaint and therefore denies such allegations.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of Plaintiff's Complaint and therefore denies such allegations.

13. Defendant denies that Plaintiff or other individuals with disabilities were and/or are being denied full and equal access to Defendant's facility, but is without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation in paragraph 13 of Plaintiff's Complaint and therefore denies such allegations.

14. Defendant denies that Plaintiff or other individuals with disabilities were denied full and equal access to Defendant's facility or have suffered any injuries as a result of any alleged violations of federal or state access laws by this Defendant. Defendant is without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation in paragraph 14 of Plaintiff's Complaint and therefore denies such allegations.

15. Defendant admits that Plaintiff seeks the relief identified in paragraph 15 of the Complaint, but denies any liability for such relief.

## IV. FIRST CLAIM FOR VIOLATION OF AMERICAN WITH DISABILITIES ACT 42 USC § 12101, et seq.

16. Defendant incorporates by reference its responses to paragraphs 1 through 15 set forth above.

17. Defendant denies each and every allegation set forth in paragraph 17 of Plaintiff's Complaint.

18. Defendant admits that Plaintiff seeks the relief identified in paragraph 18 of the Complaint, but denies any liability for such relief.

## V. SECOND CLAIM FOR VIOLATION OF CALIFORNIA CIVIL CODE

19. Defendant incorporates by reference its responses to paragraphs 1 through 18 set forth above.

/////

20. Defendant denies each and every allegation set forth in paragraph 20 of Plaintiff's Complaint.

21. Defendant denies each and every allegation set forth in paragraph 21 of Plaintiff's Complaint.

22. Defendant denies each and every allegation set forth in paragraph 22 of Plaintiff's Complaint.

23. Defendant admits that Plaintiff seeks the relief identified in paragraph 23 of the Complaint, but denies any liability for such relief.

## VI. <u>THIRD CLAIM FOR VIOLATION OF HEALTH AND SAFETY CODE § 19950, et seq.</u>

24. Defendant incorporates by reference its responses to paragraphs 1 through 23 set forth above.

25. Defendant denies that Plaintiff or other individuals with disabilities were denied equal access to the use and enjoyment of Defendant's facility, but is without knowledge or information sufficient to form a belief as to the truth of each and every remaining allegation in paragraph 25 of Plaintiff's Complaint and therefore denies such allegations.

26. Defendant denies each and every allegation contained in paragraph 26 of Plaintiff's Complaint.

27. Defendant denies each and every allegation contained in paragraph 27 of Plaintiff's Complaint.

## VII. <u>FOURTH CLAIM FOR DECLARATORY RELIEF</u>

28. Defendant incorporates by reference its responses to paragraphs 1 through 27 set forth above.

29. Defendant denies that it is in violation of the disabled access laws of the state of California.

30. Defendant denies that Plaintiff is entitled to the relief sought.

/////

/////

## VIII. FIFTH CLAIM FOR INJUNCTIVE RELIEF

31. Defendant incorporates herein by reference its responses to paragraphs 1 through 30 set forth above.

32. Defendant denies each and every allegation set forth in paragraph 32 of Plaintiff's Complaint.

33. Defendant admits that Plaintiff seeks the relief identified in paragraph 33 of the Complaint, but denies any liability for such relief.

## IX. JURY DEMAND

34. No response is required to the request for jury trial set forth in paragraph 34 of the Complaint.

## AFFIRMATIVE DEFENSES

As a separate and further answer to Plaintiff's Complaint, Defendant alleges upon information and belief the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

The Complaint, and each claim therein, fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred, in whole or in part, by the applicable statutes of limitation.

### THIRD AFFIRMATIVE DEFENSE

Defendant is informed and believes, and on that basis alleges, that Plaintiff has failed, refused, or neglected to mitigate or avoid the damages complained of in the Complaint. By reason of the foregoing, Plaintiff is barred in whole or in part from recovering monetary damages.

### FOURTH AFFIRMATIVE DEFENSE

As to each of Plaintiff's claims, Defendant alleges that if it is liable to Plaintiff for damages, which it denies, those damages must be reduced by the amount attributable to Plaintiff's comparative fault.

/////

**FIFTH AFFIRMATIVE DEFENSE**

Each and every claim in the Complaint is barred by the doctrines of waiver, estoppel and laches.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff fails to state facts sufficient to support an award of punitive damages.

**SEVENTH AFFIRMATIVE DEFENSE**

Although Defendant denies it has committed or has responsibility for any act that could support the recovery of punitive damages in this action, if and to the extent that any such act is found, recovery of punitive damages against Defendant is unconstitutional under various provisions of the United States Constitution including, but not limited to, the due process clause of the Fifth Amendment, and section 1 of the Fourteenth Amendment. In addition, the recovery of punitive damages against Defendant is unconstitutional under various provisions of the California Constitution, including, but not limited to, the excessive fines clause of section 17 of Article I and the due process clause of section 1 of Article I.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff did not personally experience many of the alleged accessibility barriers that are the subject of this lawsuit, Plaintiff is not the real party-in-interest.

**NINTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes, and on that basis alleges, that Plaintiff's claims fail because Defendant is not required to make reasonable accommodations, or the accommodations sought by Plaintiff, as described in the Americans with Disabilities Act and/or applicable state laws, for the facility and/or establishment at issue.

**TENTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes, and on that basis alleges, that Plaintiff's claims fail because any modifications to the facility and/or establishment at issue to make it accessible, if any, are not readily achievable or feasible.

/////

/////

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes, and on that basis alleges, that Plaintiff's claims fail because Plaintiff had full and equal access to the facility and/or establishment at issue as non-disabled individuals.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes, and on that basis alleges, that Plaintiff's claims fail because the facility and/or establishment at issue is accessible and usable by persons with disabilities as required by federal and California law.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes, and on that basis alleges, that Plaintiff's claims fail because Defendant acted in good faith, without malice, and has not violated any right that Plaintiff may have under federal or California law.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes, and on that basis alleges, that Plaintiff's claims fail because any actions taken by Defendant, or anyone acting on its behalf, with regards to the facility and/or establishment at issue were for lawful, legitimate, and non-discriminatory reasons.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes, and on that basis alleges, that Plaintiff's claims fail because the cost of all or some of the physical alterations to the facility and/or establishment at issue that Plaintiff seeks to have imposed on Defendant is disproportionate in terms of cost and scope to the financial resources available to Defendant for such alterations.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes, and on that basis alleges, that to the extent Defendant has not made the alterations to the facility and/or establishment that Plaintiff contends should have been made, those alterations were not and are not required under federal or California law, and any requirements to make those alterations would impose an undue burden upon Defendant.

/////

/////

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes, and on that basis alleges, that Plaintiff's claims fail because Defendant fulfilled its obligations, if any, to reasonably accommodate Plaintiff's alleged disabilities in the facility and/or establishment at issue under the Americans with Disabilities Act and/or applicable California law.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes, and on that basis alleges, that Plaintiff's claims fail, in whole or in part, to the extent the alterations or modifications requested by Plaintiff would fundamentally alter the nature of the goods, services, facilities, privileges, advantages and/or accommodations at the facility and/or establishment at issue.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendant is informed and believes, and on that basis alleges, that Plaintiff voluntarily and with full knowledge of the matters referred to in the Complaint assumed any and all of the risks, hazards, and perils of the circumstances referred to in the Complaint and, therefore, assumed the risk of any injuries or damages sustained by the Plaintiff, if any.

**TWENTIETH AFFIRMATIVE DEFENSE**

Defendant is informed and believes, and on that basis alleges, that Plaintiff's claims are barred, in whole or in part, because the laws that Plaintiff seeks to enforce are unconstitutionally overbroad and vague.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Defendant presently has insufficient knowledge and/or information with which to form a belief as to whether or not it may have additional as yet unstated affirmative defenses. Defendant reserves the right to assert additional affirmative defenses in the event that discovery and/or investigation indicates that additional affirmative defenses would be appropriate.

WHEREFORE, this answering Defendant prays that:

1. Plaintiff be denied relief by way of his complaint;
2. Plaintiff's complaint be dismissed with prejudice;
3. Defendant be dismissed with its costs of suit and attorneys' fees; and

4. For such other and further relief as the Court deems proper.

Dated: December 10, 2007

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: s/Amy Wintersheimer Findley
AMY WINTERSHEIMER FINDLEY
CHARLENE J. WILSON
Attorneys for Defendant
BODY BEAUTIFUL CAR WASH, INC.

# CERTIFICATE OF SERVICE BY ECF

I am employed in the County of San Diego, State of California. I am over the age of 18 and not a party to the within action. My business address is 501 West Broadway, 15th Floor, and San Diego, California 92101.

On **December 10, 2007**, service of the following document(s):

- **ANSWER OF DEFENDANT BODY BEAUTIFUL CAR WASH, INC. TO PLAINTIFF'S COMPLAINT**

was accomplished via NEF notification on the following registered ECF user(s):

**Amy B. Vandeveld, Esq.**
**Law offices of Amy B. Vandeveld**
**1850 Fifth Avenue, Suite 22**
**San Diego, CA 92101**

**Attorneys for Plaintiff KAREL SPIKES**

**Telephone: (619) 231-8883**
**Facsimile: (619) 231-8329**

I declare under penalty of perjury under the laws of the State of California that I am employed by a member of the bar of this Court and that the foregoing is true and correct.

Executed on **December 10, 2007**, at San Diego, California.

SUSAN PIERSON
(Type or print name)

[signature]
(Signature)